# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 10-80156-CR-HURLEY/HOPKINS

**UNITED STATES OF AMERICA,**

> **Plaintiff,**

**v.**

**JOHNNY THOMAS,**

> **Defendant**

_____/



## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS TO RETURN PROPERTY (DEs 718, 727)

THIS CAUSE comes before the court upon orders of referral (DEs 719, 728) of the defendant's January 18, 2013, motion for return of property and February 19, 2013, amended motion for return of property. (DEs 718, 727). The Government responded to the initial motion (DE 726).

### FACTS

The Defendant petitions for the return of $2,432 and $800 seizures. On November 2, 2010, the Drug Enforcement Administration (DEA) executed a search warrant at 5400 N. Flagler Drive, West Palm Beach, and seized crack cocaine and $800 (DE 725-1). On November 11, 2010, the Defendant was arrested and agents seized $2,432 from his person. *Id.* Administrative forfeiture proceedings were initiated as to the $2,432 and return receipt notices were sent to the Defendant at FDC Miami where he was incarcerated; his 724 20th Street, West Palm Beach; and to his attorney, Thomas Garland. *Id.* The receipts from FDC and the Defendant's attorney were signed for and

1

returned to DEA. *Id.* The receipt from his residence was returned as being "unable to forward." *Id.* The seizure was also published in the wall Street Journal once a week for 3 successive weeks. *Id.* The February 3, 2011, deadline for filing claims to contest the forfeiture was stated in all the notices and publications. *Id.* No claims were filed. On March 18, 2011, DEA entered a Declaration of Forfeiture. *Id.*

As to the $800, the DEA sent written notice of the abandonment process to the Defendant at FDC Miami where the Defendant was incarcerated; to the Defendant or current resident at 5400 N. Flagler Drive, West Palm Beach,; and to the defendant's attorney. *Id.* The notices sent to FDC and the Defendant's attorney were signed for; the notice to 5400 N. Flagler Drive was returned as "Return to Sender, Not Deliverable as Addressed." *Id.* The January 14, 2011 deadline for filing a claim was stated in each of the notices. No claims were filed. On February 2, 2011, DEA declared the $800 abandoned. *Id.*

In a February 23, 2011, letter to the Court, the Defendant complained that his attorney was trying "to get my mother to get that money from DEA office behind my back when I told him months ago I don't know about any money . . ." (DE 315). In a January 12, 2011, letter to his attorney which he attached to the 2/23/11 letter to the Court, the Defendant complained that his attorney was trying to get his "mother arrested by trying to get me to get her to get the money that was found in a house that they found drugs and money." *Id.*

On October 15, 2012, the Defendant pled guilty to the one count Information (DE 674) charging him with possession with intent to distribute cocaine base from March 10, 2010 until November 3, 2010. (DE 676). The factual proffer the Defendant agreed to specified that agents executed a search warrant at the Defendant's residence at 5400 N. Flagler Drive, West Palm Beach,

2

and seized crack cocaine, as well as drug paraphernalia and indicia of Defendant's residence there. (DE 679).

## ANALYSIS

A Rule 41(e) motion is unavailable when property is retained pursuant to civil forfeiture instead of for use as evidence  *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999).

Federal courts under limited circumstances may exercise equitable jurisdiction over agency forfeiture decisions. *See Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1543 (11th Cir.1990)(federal courts lack jurisdiction to review the merits of a forfeiture decision made by the DEA). The decision to exercise equitable jurisdiction is highly discretionary and must be exercised with caution and restraint. See 901 F.2d at 1543. Jurisdiction is appropriate only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice. *See $67,470.00*, 901 F.2d at 1543.

Here the record shows that lawful notice through both certified mail and publication was effected. 19 U.S.C. § 1607.  The Defendant never denied receiving notice.  He never submitted a claim.  Two years after the deadline for filing a claim the Defendant filed this motion for return of property.  He failed to explain the reason for the delay and substantiate the merits of his claim.  It is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law. *See $67,470.00*, 901 F.2d at 1545.  Because Defendant had the opportunity to dispute the basis for the forfeiture and waited two years with no explanation for the delay, this Court cannot exercise its equitable jurisdiction to hear his petition at such a late date. *Eubanks*, 169 F.3d at 674.

Similarly, title to the $800 vested in the United States after the administrative abandonment

procedures were followed.  41 C.F.R. Section 128-48.102-1(b).   He failed to substantiate any equitable claim to the $800.  Indeed, he pled guilty to possession with intent to distribute the drugs at his residence where the money was seized.  Moreover, contemporaneously with notice being sent he disavowed any claim to the money seized with the drugs.

## RECOMMENDATIONS

For the reasons stated above, this Court RECOMMENDS that the Defendant's motion for return of property (DEs 718, 727) be DENIED.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Senior United States District Judge Daniel T.K. Hurley within fourteen (14) days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(C).  Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982), *cert. denied*, 460 U.S. 1087 (1983).

**DONE AND SUBMITTED** in Chambers this 19 day of April, 2013, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

copies to:
Senior United States District Judge Daniel T.K. Hurley
counsel of record
Johnny Thomas, *pro se*, 96023-004, Miami FDC, P.O. Box 019120, Miami, FL 33101

4